UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

<table>
<tr><td>

CONRAD S. TRAUT and
CELINA M. TRAUT,
     Plaintiffs,

v.

QUANTUM SERVICING CORPORATION,
RESIDENTIAL CREDIT SOLUTIONS, INC.,
RUSHMORE LOAN MANAGEMENT SERVICES,
LLC, and ELIZON MASTER PARTICIPATION
TRUST I,
     Defendants.

</td><td>

1:15-cv-13401-NMG

</td></tr>
</table>

**DEFENDANT, RUSHMORE LOAN SERVICES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

**I.      INTRODUCTION**

This action stems from a mortgage loan that was facing foreclosure as a result of Plaintiffs' default under the Note and Mortgage.  The action is brought against Quantum Servicing Corporation ("Quantum") and Residential Credit Solutions, Inc. ("RCS") as prior mortgagees and servicers, US Bank, as Trustee of the Elizon Master Participation Trust I ("US Bank"), the current owner of the loan and mortgagee, and Rushmore Loan Management Services, LLC ("Rushmore"), the current servicer of the loan on behalf of US Bank.

The suit seeks monetary damages and equitable relief from all defendants.  In the Second Amended Verified Complaint and Request for Preliminary Injunction and Permanent Injunctive Relief ("Complaint"), the Trauts raise four (4) claims against Rushmore.  In Count I, Plaintiffs

claim that Rushmore breached an alleged Trial Plan Agreement ("TPA") that the Plaintiffs entered into with Quantum.   Count II is a claim for promissory estoppel as an equitable alternative to the breach of contract claim in the event that the Quantum and the Trauts did not have an enforceable contract under the TPA.   In Count IV, the Plaintiffs allege that Rushmore violated the Fair Debt Collection Practices Act ("FDCPA").   Additionally, in Count V, the Plaintiffs allege that Rushmore is liable for damages pursuant to M.G.L. c. 93A on several grounds, including that the original loan terms were structurally unfair, and that the loan modification review process was flawed.   Following a Local Rule 7.1 Conference, Plaintiffs voluntarily stipulated to dismiss all 93A claims against Rushmore, except for those related to the loan modification review.


## II.   FACTS[1]

Based upon the allegations of the Complaint, the relevant facts are as follows:

On June 11, 2007, Conrad Traut ("Conrad") executed an Adjustable Rate Note ("Note") in the original principal amount of $415,200.00 in favor of American Home Mortgage ("AHM"). Complaint at 13.   The Note was secured by a Mortgage that Conrad and Celina M. Traut ("Celina") (collectively the "Trauts") granted to encumber 19 Longmeadow Lane, Sharon, Massachusetts ("Property").

Quantum acted as servicer of the loan from at least August 2010 until August 2012 when the servicing rights were transferred to RCS.   Complaint at 34 and 64.   RCS serviced the loan until January 2015, when US Bank became the owner of the loan and servicing was transferred to Rushmore.   Complaint at 88 and 89.   Rushmore has acted solely as servicer for the loan from

January 2015 to the present.  Complaint at 14 and 88.  The Plaintiffs originally filed suit on September 21, 2015.

## III.  ARGUMENT

In 2007, the Supreme Court established a new standard for dismissal under Fed.R.Civ.P. 12(b)(6).  At the pleading stage, the plaintiff may not rest on "formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (explaining the pleading standard articulated in Twombly).  "The plausibility standard is not akin to a "probability requirement" but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  As stated by the Supreme Court:

> "Two working principles underlie our decision in Twombly.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.

In this case, the Complaint fails to state a claim for which relief can be granted in regard to Plaintiffs' counts on breach of contract, promissory estoppel because Rushmore, as nothing more than servicer of the loan, is not a party to any contract with the Plaintiffs.

**A. Plaintiffs' claims for Breach of contract (Count I) and Promissory Estoppel (Count II) fail as a matter of law because there is no contractual relationship between Rushmore and the Plaintiffs, and therefore dismissal is appropriate.**

---

[1] Rushmore assumes the truth of the allegations contained in this complaint for purposes of the within motion, though it reserves the right to dispute the validity of the facts at a later date.

To succeed on a breach of contract claim, a Plaintiff must establish "that (1) an agreement was made between the plaintiffs and the defendant supported by valid consideration; (2) the plaintiffs have been ready, willing, and able to perform; (3) the defendant's breach has prevented them from performing; and (4) the plaintiffs have suffered damage." Singarella v. City of Boston, 342 Mass. 385, 387 (1961) (internal citations omitted).

In this instance, Plaintiffs cannot satisfy the first element necessary to establish a breach of contract, because Rushmore is not a party to the TPA which Plaintiffs admit they negotiated with Quantum and are seeking to enforce. The alleged contract was negotiated with Quantum in 2011 when it was the mortgagee and servicer, over three (3) yeas before Rushmore became the servicer of the loan.

Furthermore, in this instance, there is no contract at all between Rushmore and the Plaintiffs – Plaintiffs have a mortgage contract with US Bank as the current mortgagee, but Plaintiffs are not a party to the contract between US Bank and Rushmore regarding the servicing of the mortgage. Therefore, Plaintiffs cannot prevail on any contract related claims against Rushmore.

For the same reason, the lack of contractual relationship between Rushmore and the Plaintiffs bars the promissory estoppel claim, which is pled as an equitable alternative to the breach of contract claim. Promissory estoppel is appropriate in Massachusetts "if (1) a promisor makes a promise which he should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee, (2) the promise does induce such action or forbearance, and (3) injustice can be avoided only by enforcement of the promise." Loranger Const. Corp. v. E. F. Hauserman Co., 6 Mass.App.Ct. 152, 154 (1978) (internal citations omitted). The Plaintiffs base allegation in support of promissory estoppel is that in December

4

2011, Quantum (promisor) promised to give the Plaintiffs (promisees) a loan modification. There is no dispute that Rushmore had no involvement in the loan prior to January 2015. Further, there is no dispute that Rushmore is merely the servicer of the loan, and is not a party to any contract with the Plaintiffs in regard to their loan.   Because promissory estoppel is an equitable claim that is enforceable against the promisor (Quantum), such a claim simply cannot survive against Rushmore.

   **WHEREFORE,** Rushmore moves this Honorable Court to dismiss the breach of contract claim (Count I) and the promissory estoppel claim (Count II) as to Rushmore as there is no contractual relationship between it and the Plaintiffs.


**IV.**  <u>**CONCLUSION**</u>

   WHEREFORE, for the reasons stated above, Rushmore, respectfully requests this Court to grant their motion to dismiss Counts I and II, and grant such other relief as is deemed just and appropriate under the circumstances.

        Respectfully submitted,
        **RUSHMORE LOAN MANAGEMENT**
        **SERVICES, INC.**
        By their attorney,


         /s/ Jennifer J. Normand
        David M. Rosen, Esq./ BBO 552866
        David@DavidRosenlegal.com
        Jennifer J. Normand, Esq./BBO 661540
        Jennifer@DavidRosenLegal.com
        **ROSEN LEGAL, LLC**
        303 Wyman Street, Suite 300
        Waltham, MA  02451
        (781) 577-6572
        (781) 786-7080 (Facsimile)

Dated: January 22, 2016

## CERTIFICATE OF SERVICE

I, Jennifer J. Normand, state that on the 22nd day of January 2016, I electronically filed the foregoing document using the CM/ECF System.  I served the foregoing document on the following CM/ECF participants:

Beth M. Nussbaum, Esquire
Justin M. Fabella, Esquire
Darian M. Butcher, Esquire
Thomas J. O'Neill, Esquire
David M. Rosen, Esquire


/s/ Jennifer J. Normand
Jennifer J. Normand, Esquire