**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CONRAD S. TRAUT AND CELINA M. TRAUT, <br><br>Plaintiffs <br><br>v. <br><br>QUANTUM SERVICING CORPORATION, RESIDENTIAL CREDIT SOLUTIONS, INC., RUSHMORE LOAN MANAGEMENT SERVICES LLC, and ELIZON MASTER PARTICIPATION TRUST I, <br><br>**Defendants** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br>CIVIL ACTION NO. 15-cv-13401 |

### OPPOSITION TO RCS' MOTION TO FILE REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS ON APRIL 8, 2016

While Plaintiffs, Conrad and Celina Traut, do not oppose Defendant, Residential Credit Solutions, Inc.'s ("RCS") motion to file a reply in support of its motion for judgment on the pleadings, the Trauts oppose its request for a filing date of April 8, 2016, 28 days after the Trauts filed their opposition. RCS has failed to set forth any reason why it needs a full 28 days to file a reply, stating only that RCS "would like to respond."

Moreover, it is not true, as RCS claims, that granting it 28 days to file a reply will not prejudice Plaintiffs. While the Trauts previously have assented to extensions, the amount of time since this matter was filed, six months, is too long and they are concerned that their suit proceed without further delay. A procedural history is illustrative:

The Trauts initiated suit on September 21, 2015, followed by an amended complaint filed by right on November 2, 2015.  On November 23, 2015 Plaintiffs filed a second amended complaint, solely for the purposes of removing a misnamed defendant from suit and correcting paragraph numbers (*RCS* pointed out paragraphs were misformatted in the first amended complaint).

On December 1, 2016, rather than first conferencing with Plaintiffs as required under L.R. 7.1(2) to point out Plaintiffs' error in not seeking assent, RCS filed a motion to strike the second amended complaint without Rule 7.1(2) certification, thereby setting in motion an unnecessary delay of nearly two months.  On December 3, 2015, this Court granted RCS' motion.  On December 4, 2015, Plaintiffs filed a motion for reconsideration, indicating, *inter alia*, that Plaintiffs and RCS had agreed in principle on a stipulation under which Plaintiffs would file an assented-to second amended complaint while assenting to an extension on RCS' response time.  The Court ruled upon on the Trauts' motion for reconsideration on December 31, 2015, stating that were the parties to file a stipulation, the Court would allow Plaintiffs' second amended complaint.  After the Trauts requested RCS to timely act on the previously agreed upon stipulation, they were finally able to file a stipulation on January 14, 2015, and the second amended complaint on January 22, 2016.

On January 22, 2016, Defendant Rushmore Loan Services, LLP ("Rushmore") filed a partial motion to dismiss, opposed by Plaintiffs on February 8, 2016.  It was not until February 23, 2016 that RCS filed its motion for judgment on the pleadings, opposed by Plaintiffs on March 11, 2016.

Thus, six months have passed since this matter's inception with very little of substance occurring, much of the delay attributable to RCS' conduct.  Accordingly, absent any cause for

the sought delay which RCS has failed to provide, it should not take more than fourteen days for RCS to reply on the narrow and discrete grounds it has identified in its motion.[1]

**WHEREFORE** Plaintiffs respectfully request this Court to deny Defendant RCS' motion to file a reply on April 8, 2016 and order that any reply must be filed by March 25, 2016.

    Respectfully submitted,

    CONRAD S. TRAUT
    CELINA M. TRAUT,
    By their attorneys,

    */s/ Beth M. Nussbaum*
    Emily E. Smith-Lee (BBO# 634223)
    esmithlee@slnlaw.com
    Beth M. Nussbaum (BBO# 633878)
    bnussbaum@slnlaw.com
    SMITH LEE NEBENZAHL LLP
    One Post Office Square
    Sharon, MA  02067
    (781)784-2000 - Tel
    (781) 793-0600 – Facsimile

Dated:  March 21, 2016

## CERTIFICATE OF SERVICE

    I, Beth M. Nussbaum, certify that on March 21, 2016, all registered participants in this matter will be served the foregoing by the CM/ECF System and that all such non-registered participants will be served same by first-class mail.

    */s/ Beth M. Nussbaum*
    Beth M. Nussbaum

---

[1] The Trauts further note that in the event RCS seeks additional time for the purposes of obtaining and filing documents outside the pleadings in support of its motion for judgment on the pleadings, the Trauts will oppose any attempt by RCS to use unproduced and untested documents to convert its motion to one under Rule 56.

3