UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONRAD S. TRAUT AND CELINA M. TRAUT, <br><br> Plaintiffs, <br><br> v. <br><br> QUANTUM SERVICING, LLC, RESIDENTIAL CREDIT SOLUTIONS, INC., RUSHMORE LOAN MANAGEMENT SERVICES LLC, and ELIZON MASTER PARTICIPATION TRUST I, U.S. BANK TRUST NATIONAL ASSOCIATION, OWNER/TRUSTEE <br><br> Defendants. | Civil Action No. 15-CV-13401-NMG |

## RUSHMORE LOAN MANAGEMENT SERVICES, INC.'S EMERGENCY MOTION FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26, Defendant Rushmore Loan Management Services, Inc. ("Rushmore") moves for a protective order to prevent the defendant Quantum Servicing LLC ("Quantum") from taking the Rule 30(b)(6) deposition of Rushmore (the "Notice") currently scheduled for December 29, 2017.

### INTRODUCTION

This is an action filed by two borrowers against their original servicer, Quantum, a subsequent servicer, Residential Credit Solutions, Inc. ("RCS"), and their current servicer Rushmore. The Plaintiffs claim that Quantum breached the terms of a trial plan agreement by failing to modify their loan and as a result Quantum and the subsequent servicers including RCS and Rushmore violated state and federal statutes, breached the modification agreement and committed common law torts.

1

Through the Notice of Deposition (scheduled for December 29, 2017 in California), Quantum seeks information from Rushmore related to its current servicing of the loan, its processing of payments and modification offers. A protective order should issue either precluding the deposition or requiring that any deposition of Rushmore occur after January 8, 2018. Neither a witness from Rushmore nor its counsel are available on December 29, 2017. Rather, Rushmore's counsel is on vacation effective December 23, 2017 through January 2, 2018 and as a result can neither attend nor prepare a witness to testify and the corporate witnesses from Rushmore have scheduled testimony or are on vacation through January 6, 2018. Moreover, the information from Rushmore related to its current servicing practices and offers to modify the loan are not relevant to any claims asserted against Quantum nor any defenses that Quantum may raise. As a result, Quantum has no justification to depose Rushmore but is merely seeking to harass it.

## BACKGROUND

A. PLAINTIFFS' CLAIMS

The Plaintiffs, borrowers, have filed this action seeking to enforce their rights under the terms of a trial plan agreement ("TPA") issued by Quantum. A copy of TPA is attached as **Exhibit A**. Specifically, the Plaintiffs alleged that their then servicer Quantum agreed to modify their loan upon payment of $12,000 and six monthly payments. (See Second Amended Complaint ("SAC") ¶¶ 51, 56, 57, 60 ). The Plaintiffs claim that they complied with all of the conditions of the TPA (i.e. paid the $12,000 and made the six monthly payments) but Quantum failed and subsequently refused to modify the loan or credit any of their payments. (See SAC ¶¶ 60, 62). Instead, Quantum service transferred the loan to Residential Credit Solutions ("RCS"). (SAC ¶ 64). In January 2015, RCS service transferred the loan to Rushmore without allegedly

2

correcting or accounting for either the Plaintiffs' payments or the modification promised by Quantum. (SAC ¶¶ 88, 90). Rushmore serviced the loan for approximately nine months before the Plaintiffs filed this lawsuit in September 2015. The Plaintiffs have asserted claims against Quantum for breach of contract, promissory estoppel, negligent misrepresentation, violation of the Federal Debt Collection Practices Act ("FDCPA") and 93A. Quantum has neither asserted any claims against Rushmore nor do the Plaintiffs rely upon any of Rushmore's alleged conduct to support their claims against Quantum. Rather, all of the claims against Quantum are based solely upon its alleged failure and subsequent refusal to modify the loan.

B.  PROCEDURAL BACKGROUND

By Order dated November 6, 2017, the Court granted a joint Motion to Continue and provided the following "pre-trial" deadlines which required among other things that

- All discovery be completed on or before December 15, 2017;
- Dispositive motions to be filed on or before January 12, 2018;
- Trial set for Monday March 12, 2018 at 9 am; and
- There will be no further extensions.

In response to the Order, on or about December 1, 2017, Quantum issued a 30(b)(6) notice for Rushmore's deposition for Cambridge Massachusetts for December 14, 2017. A copy of the Notice is attached as **Exhibit B**. In response to the Notice, both Rushmore and Quantum agreed to waive objections of timeliness and reschedule the deposition. A copy of the email exchanged between prior counsel for Rushmore and Quantum is attached as **Exhibit C**.

By email dated December 19, 2017, Quantum issued a "re-notice of deposition" for Rushmore for December 29, 2017 at 2 pm in Irvine, California. A copy of the ReNotice is

3

attached as **Exhibit D**. The Re-Notice requested that Rushmore designate an individual knowledgeable of the following topics:

- The "servicing of the loan with the Trauts;"
- the processing of current and pending modification applications; and
- crediting of payments under the Loan with the Trauts.

Rushmore responded to the ReNotice representing to Quantum that Richard Briansky, its lawyer, was on vacation from December 23, 2017 to January 2, 2017 and requested that the deposition be rescheduled. Quantum refused but agreed to a Local Rule 37.1 conference to attempt to resolve the scheduling dispute.

Through the Local Rule 37.1 conference (and thereafter) did agree to reschedule the deposition to January 2, 2017 and then to January 5, 2017 in Dallas, Texas but refused to move it to the second week in January. Quantum justified its refusal by claiming that the information from the Rushmore deposition was required to file a dispositive motion (which deadline was on January 12, 2018) but refused to identify the specific information from Rushmore that was required to file the dispositive motion.

## ARGUMENT

Rule 26 of the Federal Rules of Civil Procedure provides that any person from whom discovery is sought may move for a protective order. Fed. R. Civ. P. 26(c)(1). "The court, may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Id.

Here, Quantum provided no meaningful notice to either Rushmore or its lawyer that it intended to schedule a deposition the last week in December. Neither Rushmore nor its attorney are available to attend the deposition. Specifically, Rushmore's corporate witnesses have

4

preexisting plans through January 6, 2018 and Rushmore's attorney is on vacation through January 2, 2018 and therefore could neither prepare the witness or attend the deposition. Fed. R. Civ. P. 30(b)(1) ( "A party who wants to depose a person by oral questions must give reasonable written notice . . . ." ); see e.g., Tyler v. City of San Diego, No. 14-CV-01179-GPC-JLB, 2015 WL 1956434, at *2 (S.D. Cal. Apr. 29, 2015) (issuing protective order where 30(b)(6) notice of deposition was issued seven days before deadline for taking depositions because seven days was an insufficient time for party to adequate prepare for deposition); May v. F/V LORENA MARIE, No. 3:09-CV-00114-JWS, 2011 WL 1875470, at *3 (D. Alaska May 16, 2011) (quashing depositions where only seven (7) days' notice was provided); Gulf Prod. Co. v. Hoover Oilfield Supply, Inc., No. 08-5016, 2011 WL 891027, at *3 (E.D. La. Mar. 11, 2011) (quashing subpoena for 30(b)(6) deposition where party was given four days' notice of deposition); Leys v. Lowe's Home Centers, Inc., No. 1:08-CV-1084, 2009 WL 1911818, at *1 (W.D. Mich. July 1, 2009) (granting protective order where deposition of corporate witness was scheduled with seven days' notice for the last day of the discovery period); Fed. R. Civ. P. 32(a)(5) (A deposition must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moved for a protective order . .. requiring that it not be taken or be taken at a different time or place – and this motion was still pending when the deposition was taken.")

Rescheduling the deposition will not result in any prejudice to Quantum because none of the information it seeks to discover is at all relevant or material to any claims asserted against it or defenses it may raise to those claims in a summary judgment motion. Rather, all of the claims asserted against Quantum are based upon its own alleged conduct, its representations and its alleged failure to comply with an allegedly agreed to modification. ( See SAC ¶¶ 122-125; 128131; 135-136).

Nor does Rushmore have any information that is relevant (or could lead to relevant) evidence to support any of Quantum's defenses. MacKnight v. Leonard More Hospital, 828 F.2d 48, 51 (1st Cir. 1987) (Litigants may be denied an opportunity for discovery if their complaints and affidavits have "not made even a minimal showing warranting the requested discovery.") Rushmore's alleged conduct occurred more than four years after Quantum service transferred the loan, and after an intervening servicer, RCS had serviced the loan for approximately two years. Nor is there any legal relationship between Quantum and Rushmore.

WHEREFORE, for the reasons set forth above, Rushmore requests the Court grant this Motion for Protective Order and prevent Plaintiffs from taking Rushmore's deposition or in the alternative preclude any deposition from occurring before January 6, 2018 and require that any deposition occur in Dallas, Texas.

ME1 26326783v.1

                                          Defendant

                                          RUSHMORE LOAN
                                          MANAGEMENT SERVICES, LLC
                                          By its attorney,

                                          *s/ Richard Briansky*
                                          Richard Briansky
                                          (BBO# 632709)
                                          MCCARTER & ENGLISH, LLP
                                          265 Franklin Street
                                          Boston, MA 02110
                                          Telephone: (617) 449-6500
                                          Fax: (617) 607-9313
                                          Email: rbriansky@mccarter.com

Dated: December 21, 2017

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1 AND 37.1

     I, Richard Briansky certify that I attempted to resolve this dispute in good faith by contacting Quantum's lawyer on December 20, 2017 and identifying the scheduling conflict and that Rushmore had no evidence necessary for any dispositive motion. We were unable to resolve the dispute set forth herein.

                                          */s/ Richard Briansky*
                                          Richard Briansky

## CERTIFICATE OF SERVICE

     I, Richard Briansky, hereby certify that this document was filed through the Court's ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 21, 2017.

                                          */s/ Richard Briansky*
                                          Richard Briansky